IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| JAMES EARL WILSON, | * |
| | * |
| Plaintiff, | * |
| vs. | *   No. 3:11CV00120 SWW |
| | * |
| ARKANSAS DEPARTMENT OF | * |
| CORRECTION, | * |
| | * |
| Defendant. | * |

**Memorandum Opinion and Order**

Plaintiff filed his Complaint under 42 U.S.C. § 1983 against the Arkansas Department of Correction ("ADC"). He claims the ADC violated his constitutional rights by committing an error on the prison fingerprint card which caused a rape charge to be entered into the Arkansas Crime Information Center. Along with his complaint, plaintiff filed a motion for leave to proceed *in forma pauperis*.

There is a two-step process to be followed by the district court in considering whether a *pro se* plaintiff should be permitted to proceed *in forma pauperis*. *Martin-Trigona v. Stewart,* 691 F.2d 856 (8th Cir.1982). First there is a determination of whether the plaintiff qualifies by economic status under 28 U.S.C. § 1915(a). If he does, the complaint is permitted to be filed. *Id.* Second, assuming the allegation of poverty is not untrue, a determination is made under § 1915(e)(2)(B) of whether the cause of action stated in the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If so, the complaint is to be dismissed. *Id.* Because it appears that plaintiff's economic situation qualifies him for *in forma pauperis* status, the Court hereby grants plaintiff's application to so proceed [docket entry 1].

The Court now turns to the determination of whether, pursuant to § 1915(e)(2)(B), this action should be dismissed because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous if it "describ[es] fantastic or delusional scenarios," the factual contentions are "clearly baseless," or there is no rational basis in law. *Neitzke v. Williams,* 490 U.S. 319, 327-29 (1989). A court may dismiss such a complaint before service of process and without leave to amend. *Christiansen v. Clarke,* 147 F.3d 655, 658 (8th Cir.), *cert. denied,* 525 U.S. 1023 (1998). *See also Higgins v. Carpenter,* 258 F.3d 797, 800 (8th Cir.2001).

Acknowledging that *sua sponte* dismissals are expressly disfavored, *Nash v. Black,* 781 F.2d 665 (8th Cir.1986), the Court, nevertheless, is satisfied that this complaint should be dismissed. Plaintiff names the ADC as the defendant. The ADC is not a proper defendant because it is not considered a "person" that can be sued under 42 U.S.C. § 1983. *Brown v. Missouri Dep't. of Corrections*, 353 F.3d 1038, 1041 (8th Cir. 2004)(per curiam). Further, plaintiff fails to allege facts that rise to the level of a violation of the United States Constitution.

IT IS THEREFORE ORDERED that plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted.

DATED this 25th day of July, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE